UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAVAR MURPHY,

           Plaintiff,

v.                              Case No. 3:13-cv-171-J-12TEM

SERGEANT T. GRUBBS,
et al.,

           Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate who is incarcerated at Union Correctional Institution (UCI), initiated this action by filing a Notice of Intent to Sue and Waiver of Sovereign Immunity (Notice) (Doc. #1) pursuant to Florida Statutes § 768.28. Plaintiff handed this Notice to prison authorities for mailing to the United States District Court for the Northern District of Indiana on February 8, 2013,[1] and the case was thereafter transferred to this Court.

---

[1] The Court takes judicial notice of Case No. 3:13-cv-146-J-12MCR. In that case, Plaintiff handed an identical Notice to prison authorities for mailing to this Court on the same day, February 8, 2013. An order dismissing that case will be filed the same day as the Order of Dismissal Without Prejudice in this case. Because the cases are identical, both cases will be dismissed for the same reasons. If Plaintiff desires to refile his claims in a separate action, he must file only one new case in this Court rather than filing identical cases in different courts.

To the extent that Plaintiff requests the Court to direct UCI officials to transfer him, Plaintiff has failed to comply with the strictures of Fed. R. Civ. P. 65 and Local Rules 4.05 and 4.06. Moreover, he has failed to set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Fed. R. Civ. P. 65(c). Additionally, he did not properly prepare a proposed form of temporary restraining order and preliminary injunction in accordance with the requirements contained in Rule 65(b) and (d), Fed. R. Civ. P.

This Court is of the opinion that injunctive relief is not warranted at this time.

> A preliminary injunction is an "extraordinary and drastic remedy." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (quoting All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). To secure an injunction, a party must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. Id.

Citizens for Police Accountability Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam), cert. denied, 130 S.Ct. 2141 (2010). Plaintiff has failed to meet his burden of establishing that there is a substantial likelihood of success on the merits, that injunctive relief is necessary to prevent irreparable injury, that the threatened injury outweighs the harm

that the requested injunctive relief would cause to the Defendants, and that the injunction would not be adverse to the public interest.

Insofar as Plaintiff may be attempting to raise claims regarding the conditions of his confinement pursuant to 42 U.S.C. § 1983, he has failed to use the appropriate civil rights complaint form to present his claims. Plaintiff also failed to either pay the $350.00 filing fee or file a request to proceed as a pauper. Thus, this case will be dismissed without prejudice to Plaintiff's right to properly initiate a civil rights case in this Court to address any allegedly unconstitutional conditions of his confinement at UCI, if he elects to do so.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Plaintiff's request for injunctive relief, in his Notice (Doc. #1), is **DENIED**.

2. The **Clerk** shall send a "Civil Rights Complaint Form," an "Affidavit of Indigency" form, and a "Prisoner Consent Form and Financial Certificate" to Plaintiff. If Plaintiff elects to initiate a civil rights action in a separate case, he may complete and submit these forms. Plaintiff should not place this case number or Case No. 3:13-cv-146-J-12MCR on the forms. The Clerk will assign a separate case number if Plaintiff elects to initiate a new civil rights case. In initiating such a case, Plaintiff

should **either** file a fully completed "Prisoner Consent Form and Financial Certificate" and "Affidavit of Indigency" (if he desires to proceed as a pauper) **or** pay the $350.00 filing fee (if he does not desire to proceed as a pauper).

3. This case is **DISMISSED WITHOUT PREJUDICE.**

4. The **Clerk** shall enter judgment dismissing this action without prejudice and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of February, 2013.

*Howell W. Melton*
UNITED STATES DISTRICT JUDGE

ps 2/19
c:
Javar Murphy, UCI

- 4 -